GIANCINTA ZEZIMA, defendant-respondent,

*v.*

LUCIANO ZEZIMA, complainant-appellant.

[Decided May 17th, 1926.]

On appeal from a decree in the court of chancery.

*Mr. Nathan H. Berger,* for the appellant.

(Counsel for respondent submitted no argument.)

PER CURIAM.

This was a bill filed by a wife against her husband for maintenance, pursuant to the statute. The averments of the bill are that the defendant abandoned his wife without any justifiable cause; that he went through the form of a marriage ceremony with another woman, with whom he has ever since been living, and that for some years past he has refused, and still refuses, to maintain and provide for the support of the complainant.

The defendant admits in his answer the averments of the bill, but asserts, in justification of his conduct in refusing to support the complainant, that she had on various occasions committed adultery with one Peter Coloriso, and also with his (defendant's) brother, Mario.

On the hearing of the cause had before the vice-chancellor practically no attempt was made by the defendant to prove the truth of his charge against the complainant with relation to her alleged illicit intercourse with Coloriso. He did attempt, however, to prove the charge of adultery with his brother, Mario, and called the latter for that purpose. Mario testified positively on his direct examination that he frequently had had sexual intercourse with the complainant, but on his cross-examination he denied just as positively

that he had ever at any time had such intercourse with her. Naturally, the vice-chancellor, who heard the cause, gave no credence to the testimony of this witness. He considered, however, that other facts proved in the case showed the existence of a desire on the part of the complainant and her brother-in-law to commit adultery an opportunity to satisfy that desire, and that the gratification thereof, therefore, should be presumed. As a result of this view of this testimony he advised a decree dismissing the bill of complaint, and from the decree entered upon this advice the complainant has appealed.

We concur in the view of the vice-chancellor that the testimony of the witness Mario is worthless and affords no support to the charge of adultery brought by the defendant against the complainant. We do not concur in his conclusion that the additional proofs submitted on the part of the defendant are of such a character as to justify a finding of guilt on the part of the complainant. On the contrary, an examination of these proofs leaves us in grave doubt as to whether a desire for sexual relations ever existed between these two people. It is an entirely settled rule of law in this state that a party charging adultery in a proceeding like the present must establish the charge by evidence that will satisfy the human mind and leave the careful and guarded judgment of the court free from conscientious and perplexing doubts, in order to justify a finding of its existence. *Marchese* v. *Marchese, 129 Atl. Rep. 131,* and cases cited. That the testimony submitted in the present case does not, in our opinion, measure up to that standard we have already indicated.

The decree under review will be reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, WHITE, GARDNER, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, JJ. 14.